UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD RYAN SULLIVAN | * | |
| | * | **CIVIL ACTION NO.:** |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **SECTION:** |
| DAVIDSON TRUCKING INC., | * | |
| THE TRAVELERS CASUALTY COMPANY | * | |
| and THE NATIONAL RAILROAD | * | **MAG. DIV.:** |
| PASSENGER CORPORATION (AMTRAK). | * | |
| | * | |
| Defendants. | * | **TRIAL BY JURY** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Donald Ryan Sullivan, for his claims and causes of action against the above-named Defendants, states and alleges as follows:

**PARTIES AND JURISDICTION**

1. At all times material herein Plaintiff, Donald Ryan Sullivan, was and is presently a resident citizen of Tickfaw, Parish of Tangipahoa, State of Louisiana.

2. At all times material herein, Defendant The National Railroad Passenger Corporation ["Amtrak"] was and is a corporation organized and existing by virtue of an Act of Congress and as such was doing business in the State of Louisiana and was and is an interstate carrier engaged in interstate transportation, operating an interstate system of

railroads in and through the United States of America, including specifically the State of Louisiana.

3. At all times material herein, Defendant Amtrak was doing business and conducting rail operations, and has places of business in and through several states, including rail operation and places of business in the Eastern District of Louisiana where this action is filed.

4. At all times material herein, Defendant Amtrak was an interstate carrier by rail and was engaged in interstate transportation and commerce.

5. Plaintiff Donald Ryan Sullivan was employed by Defendant, Amtrak, and was working as an on-board service attendant engaged in interstate commerce and transportation at the time of the accident hereinafter set forth; and at such time plaintiff was working in furtherance of Defendant Amtrak's business in interstate commerce, and such work and the duties he performed directly affected the general interstate commerce carried on by Defendant Amtrak.

6. At all material times, Defendant Davidson Trucking, Inc., ["Davidson"] is a is a non-Louisiana business corporation domiciled in the State of Alabama and keeps its principal place of business in the State of Alabama.

7. At all material times, Defendant, The Travelers Casualty Company ["Travelers"] is a foreign insurance company, authorized to do and doing business in the State of Louisiana.

8. On or about November 6, 2015, while Plaintiff, Donald Ryan Sullivan, was working in the course and scope of his employment as an on-board service attendant for Defendant Amtrak, he was in a train approaching a railroad crossing which, upon information and

belief, was located in Bessemer, Alabama. As Defendant Amtrak's train approached the crossing, a dump truck owned by Davidson, and operated by its employee and agent, David Wayne Hatcher, was crossing railroad tracks resulting in a collision between the train Plaintiff was in and the dump truck; thus causing Plaintiff to sustain serious and debilitating injuries as set forth hereinafter.

9. David Wayne Hatcher was an employee and/or agent of Davidson and was in the course and scope of his employment for said company at the time of the collision stated above.

10. The jurisdiction of this Court over Plaintiff's causes of action against Amtrak is based upon 45 U.S.C. § 51 et seq., commonly known as the Federal Employers' Liability Act, and this action is timely commenced under said statute.

11. This Court has supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367, over the non-FELA claims of Plaintiff, Donald Ryan Sullivan, against Defendants Davidson and Travelers.

## **COUNT I - AMTRAK - VIOLATION OF THE F.E.L.A.**

12. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 11 of his Complaint as if the same were set forth at length herein.

13. The November 6, 2015 injuries sustained by Plaintiff and his damages were caused as a result, in whole or in part, of the negligence of Defendant Amtrak, its officers, employees and agents, and in violation of the FELA, 45 U.S.C. § 51 et seq., to wit:

   a. In failing to provide Plaintiff with a reasonably safe place in which to work, which specifically includes safe crossings as required by law;

   b. In failing to provide Plaintiff with reasonably safe equipment with which to perform said work;

    c.      In failing to properly warn Plaintiff of the dangers it knew of beforehand, which confronted him at this crossing;

    d.      In failing to appropriately instruct, supervise and monitor its employees as required by 49 C.F.R. §§ 217.1 and 218.11.

    e.      In traveling at an excessive speed and a speed greater than the established timetable speed and/or slow order speed in effect at the time of the collison.

    f.      In creating and permitting a dangerous and hazardous condition to exist on the crossings, properties, premises, work areas, or equipment where its employees were required to work;

    g.      In other acts of negligence to be shown at the trial of this case.

14. As a result, in whole or in part, of the foregoing negligence of Defendant Amtrak and its agents, in violation of the FELA, a collision was caused to occur as set forth above, causing Plaintiff, Donald Ryan Sullivan, to sustain severe, permanent and disabling injuries; and Plaintiff, Donald Ryan Sullivan, has suffered in the past and will continue to suffer in the future physical pain and loss of enjoyment of life, as well as other injuries resulting in his disability and inability to return to his career as a railroad on-board service attendant at Amtrak.

15. As a result, in whole or in part, of the foregoing negligence of Defendant Amtrak and its agents, in violation of the FELA, Plaintiff, Donald Ryan Sullivan, has lost wages in the past, and will lose wages in the future, and he has a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

16. In an effort to treat, heal, and relieve his injuries, Plaintiff, Donald Ryan Sullivan, has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

17. Plaintiff is entitled to and demands a trial by jury.

   **WHEREFORE**, Plaintiff, Donald Ryan Sullivan, prays for judgment against the above named Defendant, Amtrak, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

## COUNT II - NEGLIGENCE AGAINST DAVIDSON TRUCKING INC.

18. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 11 of his Complaint as if the same were set forth at length herein.

19. On November 6, 2015, Defendant, Davidson, employed its agent and employee, David Wayne Hatcher, to operate a dump truck in the course and scope of his employment, and it traversed the above-stated crossing.

22. Upon information and belief, Defendant Davidson, through its agent and employee, David Wayne Hatcher, operated said dump truck in a negligent and reckless fashion, driving onto a multi-track railroad crossing protected by active warning devices, and into the path of Plaintiff's oncoming train, causing a collision to occur whereby the train upon which Plaintiff was working struck Defendant's dump truck, causing Plaintiff Donald Ryan Sullivan to sustain the injuries set forth hereinafter.

23. The injuries sustained by Plaintiff on November 6, 2015, and the resulting damages were caused as a direct result of the negligent, careless and unlawful conduct of Defendant

Davidson independently and/or through its employee and agent, David Wayne Hatcher, to wit said Defendant was negligent in:

a. In failing to stop and yield the right of way to the approaching train;

b. In failing to take proper measures to avoid collision with an oncoming train as it traversed a crossing that it knew contained defects that would affect its maneuvers;

c. In failing to keep a proper lookout;

d. In failing to brake;

e. In failing to exercise due care in operating the vehicle;

f. In failing to keep the vehicle under proper control and to operate it with caution and circumspection under the conditions at the time and place alleged;

g. In failing to heed the warning signs or devices located at or near the crossing;

h. In operating the vehicle in a careless and wanton manner without regard for the safety of others;

i. In failing to heed plain and audible signals given of the train's approach to the crossing;

j. In carelessly and negligently maintaining the truck involved in the incident;

k. In carelessly and negligently performing mechanical work on the truck involved in the incident;

l. In carelessly and negligently hiring, training, and supervising David Wayne Hatcher;

m. In failing and neglecting to follow the federal motor carrier guidelines and the Alabama motor carrier guidelines; and

n. In other acts of negligence to be proven at the trial of this matter.

24. As a direct and proximate result of the negligence of Davidson, its agents and employees, a collision was caused to occur as set forth above, causing Donald Ryan Sullivan to sustain severe, permanent and disabling injuries; which Plaintiff Donald Ryan Sullivan

6

has suffered in the past and will continue to suffer in the future pain together and loss of enjoyment of life; and that he was also otherwise injured and disabled.

25. As a direct and proximate result of the negligence of Defendant Davidson, its agents and employees, Plaintiff Donald Ryan Sullivan lost wages in the past, and will continue to lose wages in the future, and has sustained a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

26. In an effort to treat, heal and relieve his injuries, Plaintiff Donald Ryan Sullivan has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

27. Plaintiff is entitled to and demands a trial by jury.

**WHEREFORE**, Plaintiff Donald Ryan Sullivan prays for judgment against the above named Defendant, Davidson Transportation Inc., for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

## COUNT III – THE TRAVELERS CASUALTY COMPANY

27. On information and belief, at the time of the instant accident, Defendant Travelers had in full force and effect a policy of liability insurance providing coverage in favor of Defendant Davidson and for the claims asserted by Plaintiff, thereby rendering Defendant Travelers liable, *in solido*, for the negligence of Defendant Davidson.

28. Plaintiff is entitled to and demands a trial by jury.

**WHEREFORE**, Plaintiff Donald Ryan Sullivan prays for judgment against the above named Defendant, Travelers, for recovery of reasonable damages in an amount sufficient to fully

compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

Date:  October 26, 2016

          Respectfully Submitted,

          **DAVIS, SAUNDERS, MILLER & ODEN, PLC**

BY:     */s/ Carisa German-Oden*_____
          **CARISA GERMAN-ODEN #31463**
          **BENJAMIN B. SAUNDERS #11733**
          **JOSEPH M. MILLER #30636**
          400 Mariners Plaza Drive, Suite 401
          Mandeville, Louisiana  70448
          Telephone: (985) 612-3070
          Facsimile:  (985)612-3072

          **Attorneys for Plaintiff,**
          **Donald Ryan Sullivan**